# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| METROPOLITAN SURGICAL INSTITUTE LLC, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | **CIVIL ACTION NO.:** |
| CIGNA, CIGNA CORPORATION, CIGNA HEALTHCARE, CIGNA HEALTH CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, NON-NEW JERSEY CIGNA PLANS 1-10 and JOHN DOES 1-10, | : : : : : : : : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | | |

Plaintiff, Metropolitan Surgical Institute LLC ("Plaintiff"), by way of this Complaint against Defendants, Cigna, Cigna Corporation, Cigna Healthcare, Cigna Health Corporation, Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company, non-New Jersey Cigna Plans 1-10 (collectively "Cigna"), and John Does 1-10, alleges as follows:

## <u>INTRODUCTION</u>

1.     Plaintiff brings this action to stop and redress Cigna's systematic failure to process and make payment upon and systematic denial of legitimate and proper claims for services rendered to participants in health plans insured and/or administered by Cigna (the "Cigna Plans"), who assigned to Plaintiff their legal rights and benefits under their respective plans (the "Cigna Insureds"). Over the course of years, Cigna has failed to provide or comply with a reasonable claims procedure for Plaintiff's claims, and has wrongfully denied and/or

BE:9322982.2/MET115-270472
BE:10495124.1/MET115-270472

underpaid reimbursement of "out-of-network" benefits on claims assigned to Plaintiff by Cigna Insureds covering medical services rendered from approximately 2015 to the present (the "Claims").

2.      The claims procedure Cigna instituted and which Cigna continues to use in processing Plaintiff's Claims is characterized, *inter alia*, by automatic, indiscriminate denial of Claims upon receipt by Cigna; adverse benefit determinations lacking any and/or adequate explanation of the reason or reasons for denial or reduction of Claims other than an apparent improper reliance since approximately January 2016 on a false claim that Plaintiff engaged in the alleged practice of waiving patient cost share obligations (or "fee forgiveness"); failure to provide adequate notification and disclosures; untimely notification; failure to provide information regarding the appeals procedure; and adverse benefit determinations on demonstrably erroneous grounds.

3.      Cigna's failure to implement and maintain reasonable claims procedures, its failure to reimburse Plaintiff fully for services rendered to Cigna Insureds, its baseless demands to recoup alleged overpayments through threat of legal action, its implementation of a "flag" on Plaintiff's claims going forward and, its improper and deficient appeals process, constitute violations of federal law including the Employee Retirement Income Security Act of 1974 ("ERISA"), New Jersey State law, and the contractual, fiduciary and other obligations owed by Cigna to its Insureds (as to which Plaintiff is the assignee).  Plaintiff has incurred substantial losses of no less than $2,040,863.43 as a result of Cigna's unsubstantiated Claim denials and/or reductions.

4.      Detailed information is not set forth herein solely to protect the identity and Protected Health Information of the patients.  Plaintiff will provide a list of Claims with

- 2 -

complete identifying information to Defendant's counsel, including patient names and Cigna ID numbers. Attached as **Exhibit A** is a redacted list of outstanding claims owing to Plaintiff.

5.      In short, Plaintiff seeks a judgment in its favor for the relief requested below.

## PARTIES

6.      Plaintiff is a New Jersey Limited Liability Corporation and a same day ambulatory surgery center licensed by the New Jersey Department of Health, located at 540 Bordentown Ave., South Amboy, New Jersey.

7.      Defendant Cigna is, upon information and belief, a Connecticut Corporation or Corporations, with a headquarters at 900 Cottage Grove Road, Bloomfield, Connecticut, and various offices in New Jersey.

8.      "Cigna" is a brand name used for products and services provided by one or more of the Cigna group of subsidiaries or affiliates that offer, underwrite, or administer benefits. When used in this Complaint, "Cigna" includes all Cigna subsidiaries or affiliates owned and controlled by any of the named Defendants.

9.      Defendants, Non-New Jersey Cigna Plans 1-10, as yet unidentified, are health insurers or similar entities, and are fictitious defendants to be identified in the course of litigation.  Upon information and belief, Cigna provided administrative services for the Non-New Jersey Cigna Plans 1-10.

10.     Defendants, John Does 1-10, as yet unidentified, are individuals and/or corporations who, upon information and belief, committed, participated in, solicited others to engage in, and/or knowingly assisted, conspired with or urged others to commit the wrongful acts set forth herein.  John Does 1-10 are fictitious defendants to be identified in the course of litigation.

BE:10495124.1/MET115-270472

## JURISDICTION

11.     Cigna's conduct in administering employer-sponsored health benefit plans, including making determinations of reimbursements to be paid to providers of health care services to Cigna plan participants pursuant to the terms of such plans, is governed by ERISA, 29 U.S.C. § 1001, *et seq.*   As a result, this Court has subject matter jurisdiction over Plaintiff's ERISA claims under 29 U.S.C. § 1132 of ERISA, and under 28 U.S.C. § 1331 (federal question jurisdiction).

12.     This Court has supplemental subject matter jurisdiction over Plaintiff's State law claims, including claims for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, unjust enrichment and quantum meruit, and punitive damages under 28 U.S.C. § 1367.

## VENUE

13.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391 because, among other things, Cigna conducts a substantial amount of business in this district, and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint arose in this district.

## FACTS COMMON TO ALL COUNTS

### A.     Background

14.     Cigna is in the business of providing, underwriting and/or administering various forms of health insurance, including individual, employer-sponsored, and governmental health insurance coverage.   Through these plans, Cigna reimburses Cigna Insureds for certain health care expenses ("Covered Services"), subject to the terms, conditions, and benefit limitations set forth under the plans.

BE:10495124.1/MET115-270472

15.    Cigna provides, underwrites and/or administers the health insurance benefits of numerous Cigna Insureds in the State of New Jersey.

16.    Upon information and belief, the majority of the Cigna Insureds are covered by Plans offered, underwritten, or administered by Cigna as part of a private employee welfare benefit plan governed by ERISA.  ERISA governs all such private employee health and welfare benefit plans, whether they are fully-insured or self-funded.

17.    Additionally, upon information and belief, a segment of the Cigna Insureds is covered by ERISA-exempt Plans, which are issued by governmental agencies or churches, or plans (or insurance contracts) acquired by individuals, and not through a private employer.

18.    Cigna provides its Insureds with access to Covered Services by utilizing, primarily but not always exclusively, a network of health care providers who have contractually-agreed to participate in the Cigna Plans and thus render care on a fixed-fee basis. The health care providers who enter into these participation contracts with Cigna are referred to as "Participating Providers."

19.    The Cigna Plans that are the subject of this Complaint provide for so-called "out-of-network" benefits, under which the Cigna Insureds are entitled to insurance benefits for services rendered by health care providers that have not entered into Participating Provider agreements with Cigna. These "Non-Participating Providers" have not agreed to accept Cigna's contractual fee schedule when providing Covered Services to Cigna Insureds.  Instead, Non-Participating Providers are entitled to be reimbursed at usual, customary and reasonable ("UCR") rates.

20.    At all relevant times, Plaintiff was a Non-Participating Provider with Cigna.

21.     As such, Plaintiff has rendered health care services to Cigna Insureds and is supposed to be paid by Cigna directly for providing such services through the issuance of benefits under the terms of Cigna Plans.  Each of these services was reported by Plaintiff to Cigna for reimbursement purposes pursuant to the American Medical Association's Current Procedural Terminology ("CPT"), which is used by licensed providers in submitting health insurance benefit claims to third party payers, including insurers such as Cigna.

22.     Because the benefits payments to Plaintiff were based on Cigna's evaluation and assessment of the terms and conditions of ERISA Plans, ERISA governs the adjudication and disposition of these benefits payments.  Further, because Cigna paid Plan benefits directly to Plaintiff as an assignee under the benefits assignments received from Cigna Insureds, Plaintiff is deemed to be a Plan beneficiary under ERISA, with standing to assert rights and protections under this statute.

**B.**     **Assignment of Rights and Benefits of Cigna Insureds to Plaintiff**

23.     As a matter of course, each Cigna Insured treated by Plaintiff signs an assignment of benefits form ("AOB").  This document includes an assignment through which the Cigna Insured directly assigns to Plaintiff his or her rights and benefits under the Cigna Plan governing the patient's health care services rendered by Plaintiff.  Further, by executing the AOB, the Cigna Insured authorizes the release of any pertinent information to his or her insurance company, adjuster or attorney.

24.     A sample of AOB form signed by Plaintiff's patients (including Cigna Insureds) states, in relevant part:

> 1.  I authorize the Metropolitan Surgical Institute to release to appropriate third parties such information as may be necessary including my Diagnosis and other information from my medical records for the purpose of processing my Facility and/or Anesthesia claim(s) ("bills");

- 6 -

2.  I authorize all health insurance payments for services rendered to be sent directly to the Metropolitan Surgical Institute and/or the Anesthesiologist;

3.  I understand that I am financially responsible to the Facility/Anesthesiologist for all charges not covered by insurance; This is a direct assignment of my insurance policy.

25.     Plaintiff obtained valid assignments of rights and benefits conferred to the Cigna Insureds under the Cigna Plans for each of the Claims at issue in this action.  Pursuant to these assignments, Plaintiff has standing to pursue claims for benefits on behalf of the Cigna Insureds under ERISA, and under the laws of the State of New Jersey.

26.     Following treatment, pursuant to the AOB, Plaintiff is entitled to payment from Cigna and directly submits to Cigna claims forms for reimbursement of services rendered to Cigna Insureds.

27.     Cigna is obligated under the Cigna Plans to pay in accordance with the Cigna Insured's right to receive reimbursement for out-of-network care.

28.     At all relevant times, Plaintiff regularly submitted claims for reimbursement to Cigna with respect to Covered Services it provided to Cigna Insureds.

29.     Following Plaintiff's submission of claims for reimbursement to Cigna, Cigna corresponds, or should correspond, directly with Plaintiff regarding the status of those claims, and has remitted reimbursement for certain claims directly to Plaintiff.

30.     Throughout Cigna's entire course of conduct with respect to Claims submitted by Plaintiff as the assignee of Cigna Insureds, Cigna has never claimed that it has the right to reject Claims because they were assigned to Plaintiff.  As a result, to the extent Cigna ever could have raised a defense to the Claims asserted herein based on their assignment to Plaintiff, Cigna has waived and is estopped from raising such a defense or position, irrespective of whether any Cigna Plan at issue contains an anti-assignment provision.

- 7 -

31.     Accordingly, Plaintiff has standing by assignment, and independently, based on waiver and estoppel, to sue Cigna as an ERISA beneficiary.

**C.     Implementation of Claims Procedures and Decisions that Indiscriminately or Improperly Denied Plaintiff's Valid Claims in Violation of ERISA and Terms of Cigna Plans**

32.     With respect to those of its Plans sponsored by private employers, Cigna is subject to ERISA, and its governing regulations.  Under ERISA, Cigna cannot systematically deny coverage for services (or types of services) unless the applicable Cigna Plan contains an express exclusion specifying that such services are not Covered Services under that Plan's terms.

33.     Under ERISA, Cigna cannot systematically underpay for services and must make payment of benefits in the manner and amounts required under the terms of the applicable Cigna Plan.

34.     In offering and administering the Cigna Plans and making payment decisions, Cigna functions as a "plan administrator" as that term is defined under ERISA, in that Cigna interprets and applies the Plan terms, makes all coverage decisions, and/or provides for payment to Insureds and/or their providers.  Cigna functions as a "plan administrator" when it insures or administers a group health plan, when it is designated as a plan administrator for such a plan, or when it determines appeals and addresses grievances within the meaning of such terms under ERISA.  As a plan administrator, Cigna also assumes various obligations specified under ERISA, including providing its Insureds and their assignees with a Uniform Medical Policy ("UMP"), a document designed to describe in layperson's language the material terms, conditions and limitations of the Plan.  The full details of the plan, which are summarized in the UMP, are contained in the Evidence of Coverage that governs each Cigna Insured's Plan.

35.     If the employer, or an entity other than Cigna, is deemed to be the plan administrator, Cigna remains responsible for ensuring that the UMP complies with the law under its duties as a co-fiduciary as provided in ERISA, 29 U.S.C. § 1105.

36.     Cigna also exercises discretionary authority and control in its administration of Cigna Plans, over claims processing and adverse benefit determinations with respect to claims of Cigna Insureds and their assignees, and in its interaction with Cigna Insureds and their assignees. Therefore, Cigna also functions as a fiduciary as defined under ERISA.  Irrespective of its status as plan administrator, Cigna is liable for breach of its obligations as a fiduciary, as provided in ERISA 29 U.S.C. § 1109, because it exercises discretionary authority and/or control.

37.     Cigna's fiduciary functions include, *inter alia*, preparation and submission of Explanation of Benefits statements ("EOBs"); determinations regarding claims for benefits and coverage; oral and written communications with Cigna Insureds, their assignees, and medical providers regarding coverage and claims determinations; and the processing, management, review, decision making and disposition of appeals and grievances under Cigna Plans.

38.     Under ERISA, Cigna is required, among other things, to comply with the terms and conditions of its Plans; to afford its Insureds, or their providers where a valid assignment of benefits exists, an opportunity to obtain a "full and fair review" of any denied or reduced reimbursements; to establish and follow reasonable claims procedures prescribed in ERISA regulations; and to make appropriate and non-misleading disclosures to Insureds, their assignees, and providers.  Such disclosures include accurately setting forth Plan terms; explaining the specific reasons why a claim is denied and the internal rules and evidence underlying such determinations; disclosing the basis for its interpretation of Plan terms; and providing appropriate data and documentation concerning its coverage decisions.

- 9 -

39. The comprehensive ERISA regulatory scheme governs, *inter alia*, the timing and notification of benefits determinations by Cigna; the manner and content of notification of benefits determinations; and the procedure, timing and manner of notification requirements concerning appeal of adverse benefits determinations by Cigna.

40. With respect to post-service reimbursement claims, ERISA regulations require Cigna to notify claimants of an "adverse benefit determination," no later than 30 days after receipt of a claim. Under ERISA, the term "adverse benefit determination" is defined as follows:

> a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit, including any such denial, reduction, termination, or failure to provide or make payment that is based on a determination of a participant's or beneficiary's eligibility to participate in a plan, and including, with respect to group health plans, a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit resulting from the application of any utilization review, as well as a failure to cover an item or service for which benefits are otherwise provided because it is determined to be experimental or investigational or not medically necessary or appropriate.

29 C.F.R. § 2560.503-1(m)(4).

41. ERISA's reasonable claims procedure regulations further require Cigna, *inter alia*, to set forth the following information in an understandable manner in all adverse benefit determinations to claimants: (a) the specific reason or reasons for the determination; (b) reference to the specific plan provisions on which the determination is based; (c) a description of any additional material or information necessary to perfect the claim and an explanation of why such information is necessary; (d) a description of the plan's review procedures and the applicable time limits, including a statement advising of the right to bring a civil action under ERISA; (e) a statement regarding any internal rule, guideline, protocol, or other similar criteria relied upon in making the determination; and (f) a statement regarding the scientific or clinical judgment underlying a determination based on a medical necessity, experimental treatment or similar exclusion or limit. 29 C.F.R. §2560.503-1(g).

42.     Commencing in or about 2015, Cigna began inappropriately denying certain Claims submitted by Plaintiff seeking payment for services provided to Cigna Insureds, including orthopedic surgery, hand surgery, neurosurgery, spine surgery, pain management injections and services, podiatry, and ancillary services and supplies.   The services were medically appropriate and necessary, covered by the applicable Plan terms, and the Claims should have been paid to Plaintiff as the Cigna Insureds' lawful assignee.

43.     In or about January 2016, Cigna increased the frequency and scope of its improper and unwarranted denials of Plaintiff's Claims for medically necessary services provided to Cigna Insureds.

44.     Indeed, Cigna, without proper justification and in violation of the Plan terms, stopped paying Plaintiff for many services provided to Cigna Insureds, a practice which continues to this date.

45.     Cigna indiscriminately denied payment for most Claims and services based on an unsupported and erroneous assertion that Plaintiff had engaged in the practice of waiving patient cost share obligations.  That assertion was false.

46.     Cigna's treatment of Plaintiff's appeals of adverse benefits determinations was contrary to ERISA, applicable regulations, and the terms of applicable Cigna Plans.

47.     By example, Cigna made claims determinations that had the effect of reimbursing less than the percentage of actual charges that is required by the applicable Cigna Plans.

48.     Further, Cigna made such claims determinations without valid evidence or information to substantiate such determinations and/or in an arbitrary fashion, and did not provide a "full and fair review" of denied or reduced reimbursements.

**D.     Cigna's Failure to Provide Plan Documentation**

BE:10495124.1/MET115-270472

49.     As an administrator of the Cigna Plans, Cigna is obligated under ERISA to provide controlling plan documentation upon request of plan participants, beneficiaries, and their assignees.   Specifically, ERISA provides that:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated**.

29 U.S.C. § 1024(b)(4) (emphasis added).

50.     Further, ERISA regulations governing full and fair review of adverse benefit determinations require that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."  29 C.F.R. §  2560.503-1(h)(2)(iii).

51.     ERISA imposes upon an administrator a monetary penalty of up to $110 per day for each instance of non-compliance with a request for plan information, which is payable to Plaintiff as beneficiaries.  29 U.S.C. § 1132(c)(1); 29 C.F.R. 2575.502c-1.

52.     Plaintiff – in its role as a beneficiary or assignee of the Cigna Insureds – requested that Cigna provide (1) applicable insurance policy language which justifies claim reductions on Cigna part; (2) Plan claims procedures; and (3) documentation of the methods upon which Cigna's payment allowances were made. To date, Plaintiffs have not received the requested documentation from Cigna.

53.     As a result of its failure to provide Plaintiffs with the requested documentation, Cigna is in violation of ERISA.

**E.      Plaintiff's Exhaustion of Administrative Remedies**

54.     From 2015 to the present, Plaintiff properly appealed the Claims, exhausting its administrative remedies, to the extent required.  Plaintiff submitted at least the required number

- 12 -

of appeals for each of the Claims at issue, providing medical documentation to Cigna supporting the need for the treatment at issue.  Plaintiff also refuted Cigna's assertions that it had engaged in improper waiver of patient cost share obligations.

55.     Moreover, where a claims procedure falls short of the minimum standards required under ERISA and its regulations, the claimant is deemed to have exhausted administrative remedies under the plan and is entitled to pursue any available remedies under ERISA Section 502(a), 29 U.S.C. § 1132(a), or under State law, as applicable.  29 C.F.R. § 2560.503-1; 29 C.F.R. § 2590.715-2719.  That is the case here.

56.     Plaintiff has exhausted administrative remedies with respect to the Claims at issue, either through actual completion of the internal Cigna appeals process, or, *inter alia*, by virtue of Cigna's numerous procedural and substantive ERISA violations.

57.     Specifically, without limitation, Cigna issued blanket denials that the services rendered were not compensable and not covered under the Insureds' plan, which were inaccurate, and despite the submission of treatment records demonstrating the need for the services, and the refutation of Cigna's assertions concerning patient cost share waiver.  Cigna maintained these denials without a substantive review despite Plaintiff's appeals.

58.     As described above, any appeals required to be exhausted by Plaintiff must be deemed exhausted by reason of futility, and/or due to Cigna's denial of meaningful access to administrative remedies under the Cigna Plans at issue in this action.

F.     **Cigna's Breach of Duty to Insureds**

59.     Cigna's conduct also constitutes a violation of its obligations to the Cigna Insureds and to Plaintiff, by assignment.  Specifically, the Cigna Insureds and/or their employers typically pay a higher premium to enable the Cigna Insureds to receive the benefit of out-of-network coverage.  Cigna's conduct in improperly denying and/or reducing payment and/or

- 13 -

delaying the processing of Claims effectively denies Cigna Insureds the out-of-network benefits to which they are entitled.

60.     No valid or debatable reason exists for Cigna's conduct with respect to the Claims in issue.  In each instance, Cigna failed to individually evaluate Plaintiff's Claims through any legitimate means and indiscriminately denied reimbursement for services rendered.

61.     Cigna's unsubstantiated and bad faith denials and/or reductions of Plaintiff's Claims also violate the common law, further entitling Plaintiff to relief as detailed below.

**G.      Plaintiff Has Suffered Substantial Damages**

62.     As a result of Cigna's systematic failure to appropriately process and pay out-of-network claims in compliance with ERISA requirements and/or the terms of the Cigna Plans, Plaintiff has incurred total damages in excess of $2,040,863.43 based on current data, and exclusive of interest, costs, and attorneys' fees.  Damages continue to accrue as additional Claims are wrongly denied or delayed through Cigna's improper conduct.

**H.      Plaintiff Has Standing to Bring the Claims**

63.     As described above, Plaintiff is the assignee of the rights and benefits held by Cigna Insureds in health care plans administered by Cigna.  Cigna Insureds who receive treatment from Plaintiff assign all of their rights and benefits with respect to such services to Plaintiff, including the right to maintain legal actions on the insured's behalf.

64.     Cigna has acknowledged that Plaintiff has the right to file claims for benefits pursuant to such assignments, by submitting payment for out-of-network services directly to Plaintiff for certain claims assigned to Plaintiff by Cigna Insureds, and due to the interaction and communication between Cigna and Plaintiff with respect to processing of the underlying Claims.

65.     Accordingly, Cigna has waived and/or is estopped from asserting any rights to enforce anti-assignment provisions, if any, in the plans.

- 14 -

66.     In addition, Plaintiff has standing to bring this action as a "beneficiary" under ERISA, 29 U.S.C. § 1132(a).   ERISA defines "beneficiary" as a "person designated by a participant . . . who is or may become entitled to a benefit" under an ERISA regulated plan. ERISA, 29 U.S.C. § 1002(8).

67.     When Cigna Insureds assigned their rights and benefits to Plaintiff in connection with the services rendered to them by Plaintiff, those Cigna Insureds assigned all of their rights and benefits, including (1) the right to file a claim and receive payment, and (2) the legal right to file suit to obtain full payment.

## COUNT I

## CLAIM FOR BENEFITS DUE UNDER ERISA § 502(a)(1)(B)

68.     Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

69.     Count I is brought under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3).

70.     Plaintiff received valid assignments of all rights and benefits held by Cigna Insureds pursuant to ERISA plans administered by Cigna as set forth herein.   Such assignments include all of the Cigna Insureds' rights and benefits with respect to out-of-network treatments provided by Plaintiff.

71.     The execution of such assignments confers upon Plaintiff beneficiary status under ERISA § 502(a).

72.     Through its course of dealings with Plaintiff as set forth above, Cigna waived any right to enforce any anti-assignment provisions which may exist in the Cigna Plans at issue.

73.     As a beneficiary under ERISA §  502(a), Plaintiff is entitled to recover benefits due to Cigna Insureds pursuant to the terms of the Cigna Plans that govern the obligations of Cigna to Cigna Insureds.

BE:10495124.1/MET115-270472

74.     Cigna functioned at all relevant times as the "plan administrator" for the Cigna Plans within the meaning of that term under ERISA for the Cigna Plans, and continues to function in that capacity.   Cigna functions as a "plan administrator" when it insures or administers a group health plan, when it is designated as a plan administrator for such a plan, or when it determines appeals and addresses grievances within the meaning of such terms under ERISA.

75.     Cigna exercises discretionary authority and control in its administration of the Cigna Plans, and through interactions with Cigna Insureds and Plaintiff in the manner described herein.   Therefore, Cigna also functions as a "fiduciary" within the meaning of that term under ERISA.

76.     Cigna violated its legal obligations as a plan administrator and/or fiduciary under ERISA and federal common law each time it failed to make payment, made only partial payment, or delayed payment of benefits, without complying with ERISA requirements governing the claims process and adverse benefit determinations.

77.     Cigna violated its legal obligations under ERISA and federal common law each time it failed to make payment, made only partial payment, or delayed payment of benefits, without complying with the terms of the Cigna Plans that govern the obligations owed by Cigna to the Cigna Insureds and to Plaintiff as their assignee.

78.     Cigna's lack of disclosure to Cigna Insureds and to Plaintiff relating to adverse benefit determinations, as required under ERISA, violated its legal obligations.

79.     Plaintiff properly appealed the Claims at issue to the extent any such appeals were required.

- 16 -

80.     Moreover, all appeals should be deemed exhausted or excused by virtue of Cigna's numerous procedural and substantive violations described herein, which deprived Plaintiff of meaningful access to administrative remedies.

81.     As a result of the foregoing, Plaintiff seeks payment of unpaid benefits on the Claims and interest from Cigna back to the dates when the Claims were originally submitted to Cigna.  Further, Cigna should be forbidden to engage in the wrongful conduct with respect to processing of the Cigna Insureds' Claims described herein.

82.     Additionally, Cigna should be ordered to disgorge the profits or fees it has earned by denying and/or delaying payment of Plaintiff's Claims through conduct in violation of ERISA.

83.     Plaintiff further requests attorneys' fees, costs, prejudgment interest and other appropriate relief against Cigna.

## COUNT II

## VIOLATION OF FIDUCIARY DUTIES OF LOYALTY AND CARE

84.     Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

85.     Count II is brought under 29 U.S.C. § 1132(a)(2), 29 U.S.C. § 1104, and 29 U.S.C. § 1109.

86.     Plaintiff received valid assignments of all rights and benefits held by Cigna Insureds pursuant to ERISA plans administered by Cigna as set forth herein.  Such assignments confer on Plaintiff all of the Cigna Insureds' rights and benefits with respect to out-of-network treatments provided by Plaintiff.

87.     The execution of such assignments confers upon Plaintiff the status of beneficiary under ERISA § 502(a).

88.     Cigna acted as a fiduciary to the beneficiaries – including Cigna Insureds and Plaintiff – of the plans it administered, including the plans of Cigna Insureds that received treatment from Plaintiff.

89.     Specifically, with respect to such Plans, Cigna acted as a fiduciary to beneficiaries (including Plaintiff) because Cigna exercised discretion in determining the amounts of Plan benefits that would be paid to Plan beneficiaries.  The exercise of discretion with regard to determination of plan benefits is an inherently fiduciary function, and confers the imposition of the duties of loyalty and care.

90.     Cigna Insureds, and Plaintiff by way of assignment of the rights of the Cigna Insureds, may sue in a representative capacity on behalf of the individual Cigna Plans at issue in this Complaint for relief with respect to breaches of fiduciary duties by Cigna.

91.     As a fiduciary of plans governed by ERISA, Cigna owes the beneficiaries of such plans (including Plaintiff) a duty of care, defined as an obligation to act prudently, with the care, skill, prudence, and diligence that a prudent administrator would use in the conduct of an enterprise of like character.

92.     Additionally, as set forth in § 404(a)(1)(B) and (D) of ERISA, 29 U.S.C. § 1104(a)(1)(B) and (D), ERISA fiduciaries must ensure that they are acting in accordance with the documents and instruments governing the plan.

93.     Cigna violated the fiduciary duty of care it owed to Plaintiff as beneficiary of the Cigna Plans by its conduct set forth above, such as, making adverse benefit determinations with regard to payment or denial of Plan benefits to Plaintiff contrary to and based upon reasons outside of the Cigna Plans, ERISA, and regulations promulgated thereunder, including, upon information and belief, Cigna's own financial interest.

94.     As a fiduciary of plans governed by ERISA, Cigna owes the beneficiary of such plans (including Plaintiff) a duty of loyalty, defined as an obligation to make decisions in the interest of beneficiaries, and to avoid self-dealing or financial arrangements that benefit the fiduciary at the expense of the beneficiaries.  For example, Cigna is prohibited from making benefits determinations for the purpose of enhancing its own profitability at the expense of its beneficiaries.  § 406 of ERISA, 29 U.S.C. § 1106.

95.     Cigna violated the fiduciary duty of loyalty it owed to Plaintiff as beneficiary of Cigna Plans by its conduct set forth above, such as making adverse benefit determinations with regard to payment or denial of Plan benefits to Plaintiff contrary to and based upon reasons outside of those permitted by the Cigna Plans, ERISA, and regulations promulgated thereunder, including, upon information and belief, Cigna's own financial interest.

96.     Plaintiff has exhausted administrative remedies with respect to the Claims at issue through completion of the Cigna internal appeals process, to the extent necessary.

97.     Moreover, all appeals should be deemed exhausted by virtue of Cigna's numerous procedural and substantive violations described herein, which deprived Plaintiff of meaningful access to administrative remedies.

98.     As a result of the foregoing, Plaintiff is entitled to restitution and injunctive and declaratory relief pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3), based upon Cigna's violation of its fiduciary duties.  Additionally, Cigna should be ordered to disgorge the profits or fees it has earned by denying and/or delaying payment of Plaintiff's Claims through conduct which violated its fiduciary duties under ERISA.

99.     Further, Plaintiff is entitled to be made whole in the form of monetary compensation for the losses it incurred and which continue to result from Cigna's breaches of its

fiduciary duties owed to Plaintiff, including interest back to the dates that the claims were originally submitted to Cigna.

## COUNT III

## PENALTIES FOR FAILURE TO PROVIDE PLAN DOCUMENTS

100.   Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein.

101.   Count III is brought under 29 U.S.C. § 1132(a)(1)(A) and 29 U.S.C. § 1132(c)(1).

102.   As an administrator of the Cigna Plans, Cigna is obligated under ERISA to provide controlling plan documentation upon request of plan participants, beneficiaries, and their assignees.   Specifically, ERISA provides that:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, **or other instruments under which the plan is established or operated**.
>
> 29 U.S.C. § 1024(b)(4) (emphasis added)

103.   Further, ERISA regulations governing full and fair review of adverse benefit determinations require that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."  29 C.F.R. §  2560.503-1(h)(2)(iii).

104.   ERISA imposes upon an administrator a monetary penalty of up to $110 per day for each instance of non-compliance with a request for plan information, which is payable to Plaintiff as beneficiary.  29 U.S.C. § 1132(c)(1); 29 C.F.R. §2575.502c-1.

105.   Plaintiff requested that Cigna provide as to each Claim: (1) the plan document; (2)  the Summary Plan Description; (3) the Evidence of Coverage; (4) any amendments to the

- 20 -

above; (5) any agreements or instruments under which the plan is established or operated; and (6) other relevant documentation. To date, Plaintiff has not received the requested documentation from Defendants.

106.    As a result of its failure to provide Plaintiff with the requested documentation, Horizon is in violation of ERISA.

## COUNT IV

## ATTORNEYS' FEES AND COSTS UNDER ERISA

107.    Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

108.    29 U.S.C. § 1132(g)(1) authorizes an award of reasonable attorneys' fees and costs of an ERISA action.

109.    As a result of the above-described conduct by Cigna, Plaintiff was required to retain the services of counsel and necessarily incurred legal fees and costs in prosecuting this action.

110.    Plaintiff anticipates incurring additional legal fees and costs in association with this action.

111.    Plaintiff therefore requests an award of reasonable attorneys' fees and costs against Cigna in an amount that will be calculated at the conclusion of this action.

## COUNT V

## BREACH OF CONTRACT

112.    Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

113.    To the extent that Claims relating to benefits or payments owed by Cigna are not associated with an ERISA-governed Cigna Plan and/or are not preempted by ERISA, Plaintiff is

BE:10495124.1/MET115-270472

entitled, as the assignee of rights and benefits held by Cigna Insureds under to maintain a claim for breach of contract pursuant to New Jersey law.

114.    Through its course of dealings with Plaintiff as set forth above, Cigna waived and/or is estopped from asserting any right to enforce any anti-assignment provisions which may exist in the Cigna Plans at issue.

115.    Cigna Insureds and/or their employers entered into insurance contracts with Cigna to procure coverage through Cigna's Plans, and assigned the rights and benefits under those contracts to Plaintiff.

116.    Cigna received good and valuable consideration from its Insureds and/or their employers in exchange for providing certain insurance benefits under the Cigna Plans, including the out-of-network benefits.

117.    In violation of those agreements, Cigna failed to pay Plaintiff (as the assignee of such benefits and/or third party beneficiary of the Cigna Insured's contractual rights) all benefits owed to Cigna Insureds.

118.    Plaintiff provided medical treatment to the Cigna Insureds, and submitted appropriate bills directly to Cigna for said services in accordance with the terms of the Cigna Plans and New Jersey law.

119.    Plaintiff has complied with all terms of Cigna Insureds' Plans, the benefits of which have been lawfully assigned to Plaintiff, including the right to assert legal claims to enforce rights thereunder.

120.    As a proximate result of Cigna's material breaches of contract and non-payment for services duly rendered, Plaintiff has suffered damages.

## COUNT VI

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

121.    Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

122.    To the extent that the Claims relating to benefits owed by Cigna are not associated with an ERISA-governed Cigna Plan and/or are not preempted by ERISA, Plaintiff is entitled, as the assignee of rights and benefits held by Cigna Insureds, to maintain a claim for breach of the implied covenant of good faith and fair dealing pursuant to New Jersey law.

123.    Through its course of dealings with Plaintiff as set forth above, Cigna waived and/or is estopped from asserting any right to enforce any anti-assignment provisions which may exist in the Cigna Plans at issue.

124.    A covenant of good faith and fair dealing is implied in all contracts between Cigna and its Insureds under New Jersey law.

125.    Cigna had no legitimate, good faith basis for engaging in improper conduct set forth above in connection with its contracts with its insureds.  Cigna's conduct breached the covenant of good faith and fair dealing owing to its insureds, and to Plaintiff as their beneficiary. Plaintiff has standing to assert claims for breach of the covenant of good faith and fair dealing in its capacity as assignee of the Cigna Insureds' rights under the contracts and/or as third party beneficiary.

126.    Cigna breached the implied duty of good faith and fair dealing under the contracts with Cigna Insureds, and deprived Plaintiff of the benefits of the Cigna Plans here at issue.

127.    As a proximate result of Cigna's material breach of the implied duty of good faith and fair dealing, Plaintiff has suffered damages.

- 23 -

## COUNT VII

## PROMISSORY ESTOPPEL

128.    Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

129.    To the extent that the Claims relating to benefits or payments owed by Cigna are not associated with an ERISA-governed Cigna Plan and/or are not preempted by ERISA, Plaintiff are entitled, as the assignee of rights and benefits held by Cigna Insureds under their insurance contracts or plans with Cigna, to maintain a promissory estoppel claim against Cigna under New Jersey law.

130.    Through its course of dealings with Plaintiff as set forth above, Cigna waived and/or is estopped from asserting any right to enforce any anti-assignment provisions which may exist in the Cigna Plans at issue.

131.    Plaintiff, to its detriment, reasonably relied upon Cigna's numerous assurances and promises that it would process claims and issue benefits in accordance with the terms of the Cigna Plans through which the Cigna Insureds receive benefits.

132.    Through their course of dealings, and under New Jersey law, Plaintiff expected Cigna to process claims and issue benefits in accordance with the terms of the Cigna Plans through which the Cigna Insureds receive benefits.

133.    Plaintiff has suffered damages as a direct and proximate result of its reasonable reliance upon Cigna's numerous assurances and promises that it would process claims and issue benefits and make payment to Plaintiff as assignee of the Cigna Insureds, in accordance with the terms of Cigna Plans through which the Cigna Insureds receive benefits, and Cigna's failure to fulfill such assurances and promises.

## COUNT VIII

## UNJUST ENRICHMENT

134.     Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

135.     To the extent that the Claims relating to benefits or payments owed by Cigna are not associated with an ERISA-governed Cigna Plan and/or are not deemed preempted by ERISA, Plaintiff is entitled, as the assignee of rights and benefits held by Cigna Insureds, to maintain an unjust enrichment claim against Cigna under New Jersey law, for payment owing for services rendered to the Cigna Insureds.

136.     Through its course of dealings with Plaintiff as set forth above, Cigna waived and/or is estopped from asserting any right to enforce any anti-assignment provisions which may exist in the Cigna Plans at issue.

137.     By and through its failure to process claims and issue benefits for services rendered by Plaintiff in accordance with the Cigna Plans through which the Cigna Insureds receive benefits, Cigna has retained moneys to which it is not entitled and to which Plaintiff  is entitled for services rendered to Cigna Insureds.

138.     Plaintiff has suffered damages as a direct and proximate result of Cigna's actions.

## COUNT IX

## QUANTUM MERUIT

139.     Plaintiff repeats and re-alleges each of the preceding allegations as if fully set forth herein in their entirety.

140.     Plaintiff provided services and other things of value to Cigna and Cigna Insureds.

141.     Cigna has not paid for such services and things of value.

- 25 -

142.     Plaintiff, therefore, is entitled to payment from Cigna for the reasonable value of the services rendered in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment in its favor against Cigna as follows:

(A)     Declaring that Cigna has breached the terms of its Plans with regard to the out-of-network benefits in the Plans, and awarding compensatory damages to Plaintiff for unpaid benefits, as well as awarding declaratory relief with respect to Cigna's violations of ERISA, including a declaration that Cigna's claim processing methodology with respect to claims assigned to Plaintiff violates ERISA;

(B)     Declaring that Cigna has breached its fiduciary obligations owed to Plaintiff under ERISA and awarding compensatory damages resulting therefrom;

(C)     Declaring that Cigna has failed to provide "full and fair review" of claims denials or reductions to Plaintiff as required under ERISA and its implementing regulations, and awarding compensatory damages and declaratory relief with respect to Cigna's violations of ERISA;

(D)     Awarding Plaintiff pre-judgment interest back to the dates its claims were originally submitted to Cigna;

(E)     Declaring that Cigna has violated federal claims procedures under ERISA and that "deemed exhaustion" under the ERISA regulations is in effect as a result of Cigna's actions;

(F)     Enjoining Cigna from continuing to commit any violation of law;

(G)     Ordering Cigna to disgorge the profits or fees it has earned by denying and/or delaying payment of Plaintiff's Claims through conduct in violation of ERISA;

(H)     Awarding Plaintiff compensatory damages on all claims in an amount to be proven at trial;

(I)     Awarding Plaintiff prejudgment interest on all claims;

(J)     Awarding Plaintiff punitive and exemplary damages against Cigna in an amount to be proven at trial;

(K)     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, expenses, and other costs permitted by law, including but not limited to 29 U.S.C. § 1132(g)(1), to be paid by Cigna in amounts to be determined by the Court; and

(L)     Granting such other relief against all Defendants as the Court deems just and proper.

BE:10495124.1/MET115-270472

**BRACH EICHLER L.L.C.**

By:  /s/ Keith J. Roberts
Keith J. Roberts
Email: kroberts@bracheichler.com
101 Eisenhower Parkway
Roseland, NJ  07068
Telephone: 973.228.5700
*Attorneys for Plaintiff*

Dated: July 25, 2019

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all Counts so triable.

**BRACH EICHLER L.L.C.**

By:  /s/ Keith J. Roberts

Keith J. Roberts
Email: kroberts@bracheichler.com
101 Eisenhower Parkway
Roseland, NJ  07068
Telephone: 973.228.5700
*Attorneys for Plaintiff*

Dated: July 25, 2019

BE:10495124.1/MET115-270472

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief.

**BRACH EICHLER L.L.C.**

By:   /s/ Keith J. Roberts

Keith J. Roberts
Email: kroberts@bracheichler.com
101 Eisenhower Parkway
Roseland, NJ  07068
Telephone: 973.228.5700
*Attorneys for Plaintiff*

Dated July 25, 2019