**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| METROPOLITAN SURGICAL INSTITUTE, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>CIGNA, et al.,<br><br>      Defendants. | Civil Action No. 19-15827 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Defendants Cigna, Cigna Corporation, Cigna Healthcare, Cigna Healthcare Corporation, Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company, and non-New Jersey Cigna Plans 1-10's (collectively, "Cigna" or "Defendants") Motion to Dismiss. (ECF No. 20.) Plaintiff Metropolitan Surgical Institute, LLC ("Plaintiff") opposed (ECF No. 23), and Cigna replied (ECF No. 26). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth in this Memorandum Opinion, Cigna's Motion is granted in part and denied in part.

## I.  BACKGROUND[1]

Plaintiff is a same-day ambulatory surgery center. (Compl. ¶ 6, ECF No. 1.) Cigna is in the business of providing, underwriting, and administering health insurance, including individual, employer-sponsored, and governmental health insurance coverage, and is the administrator for the health plans at issue in this matter (the "Cigna Plans"). (*Id.* ¶¶ 14, 74.)

Upon exhausting Cigna's administrative remedies (*id.* ¶¶ 54, 56), Plaintiff initiated this action to stop and address Cigna's systematic failure to process and make payment upon and systematic denial of legitimate and proper claims for services rendered to participants under the Cigna Plans, who assigned to Plaintiff their legal rights and benefits under their respective plans (the "Cigna Insureds"). (*Id.* ¶ 1.) Although Plaintiff is a "Non-Participating Provider" with Cigna and has not agreed to a participating provider agreement with Cigna, under the Cigna Plans, Plaintiff is entitled to reimbursement for "out-of-network" services rendered to Cigna Insureds at usual, customary, and reasonable rates. (*Id.* ¶¶ 19, 20.)

According to Plaintiff, Cigna failed to provide or comply with a reasonable claims review procedure and wrongfully denied and underpaid reimbursement of "out-of-network" benefits on claims covering medical services rendered from approximately 2015 to the present (the "Claims"). (*Id.* ¶ 1.) Plaintiff alleges that Cigna's current claims procedure is characterized by automatic, indiscriminate denial of claims, adverse benefit determinations lacking any or adequate explanation for the denial or reduction of Claims, failure to provide adequate notification and disclosures, untimely notifications, failure to provide information regarding the appeals procedure, and adverse benefit determinations based on demonstrably erroneous grounds. (*Id.* ¶ 2.) As a result

---

[1] For the purposes of a motion to dismiss, the Court accepts as true the factual allegations of the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2

of Cigna's actions, Plaintiff has incurred substantial losses of no less than $2,040,863.43. (*Id.* ¶ 3.) Plaintiff provides, as Exhibit A to the Complaint, a redacted list of outstanding Claims owed to Plaintiff. (*Id.* ¶ 4.)

Moreover, Plaintiff requested and has yet to receive from Cigna plan documents as to each Claim: (1) the plan document; (2) the summary plan description; (3) the evidence of coverage; (4) any amendments to the above; (5) any agreements or instruments under which the plan is established or operated; and (6) other relevant documentation. (*Id.* ¶ 105.)

Plaintiff alleges that Cigna's actions violate federal law, including the Employee Retirement Income Security Act of 1974 ("ERISA"), New Jersey state law, and the contractual, fiduciary and other obligations owed by Cigna to its Insureds. (*Id.* ¶ 3.) The Complaint alleges the following counts:

> I. Benefits Due Under ERISA § 502(a)(1)(B)
> II. Violation of Fiduciary Duties of Loyalty and Care under 29 U.S.C. 1132(a)(2), 29 U.S.C. § 1104, and 29 U.S.C. § 1109
> III. Failure to Provide Plan Documents under 29 U.S.C. § 1132(a)(1)(A) and 29 U.S.C. § 1132 (c)(1)
> IV. Attorneys' Fees and Costs Under ERISA and 29 U.S.C. § 1132 (g)(1)
> V. Breach of Contract
> VI. Breach of the Covenant of Good Faith and Faith Dealing
> IX. Quantum Meruit

(*See generally id.*)[2]

## II. **LEGAL STANDARD**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

---

[2] Plaintiff intends to voluntarily withdraw Counts VII and VIII alleging promissory estoppel and unjust enrichment. (Pl.'s Opp'n Br. 19, ECF No. 23.) The Court, accordingly, addresses Defendants' arguments as they relate to Plaintiff's remaining claims.

3

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original).

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations and citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III. DISCUSSION

Defendants argue that Plaintiff's Complaint should be dismissed because: (1) Plaintiff does not plead that it is entitled to pursue ERISA claims on behalf of the Cigna Insureds (Defs.' Moving Br. 7–9, ECF No. 20-1); (2) Plaintiff does not identify the plans at issue and does not provide any information about plan terms that require the payment of benefits Plaintiff seeks (*id.* at 9–11); (3) Plaintiff alleges that it exhausted administrative remedies under ERISA in a conclusory fashion (*id.* at 11–12); (4) Plaintiff is not entitled to compensatory damages under § 502(a)(3) (*id.* at 12–13); (5) Plaintiff's breach of fiduciary duty claim is conclusory (*id.* at 13–15); (6) Plaintiff's

4

claim for failure to provide documents is conclusory (*id.* at 15–16); (7) Plaintiff's state-law claims are preempted by ERISA (*id.* at 17–18); (8) Plaintiff fails to identify the non-ERISA plans at issue and, therefore, fails to state claims for breach of contract and breach of the covenant of good faith and fair dealing (*id.* at 18–19); and (9) Plaintiff cannot state a quantum meruit claim where a written contract governs the dispute (*id.* at 19–20). The Court addresses Defendants' arguments below.

### A. ERISA Claims (Counts I through IV)

#### 1. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff has not pleaded exhaustion of internal claims procedures in the ERISA plans. (Defs.' Moving Br. 11–12.)

Under ERISA, claimants are required to exhaust administrative remedies prior to filing suit to enforce terms of the plan. *D'Amico v. CBS Corp.*, 297 F.3d 287, 290–91 (3d Cir. 2002). "The ERISA exhaustion requirement is an affirmative defense, so the defendant[s] bear[] the burden of proving failure to exhaust." *Am. Chiropractic Ass'n v. Am. Specialty Health Inc.*, 625 F. App'x 169, 173 (3d Cir. 2015). Defendants' burden does not shift to the plaintiff at the pleadings stage. *Id.* Unless the plaintiff's failure to adequately pursue her administrative remedies can be "conclusively established" from the complaint, the plaintiff's claim remains viable. *See id.*; *see also, e.g., Sleep Tight Diagnostic Ctr., LLC v. Aetna Inc.*, 399 F. Supp. 3d 241, 257 (D.N.J. 2019) (stating that "[a p]laintiff's failure to plead that it complied with the applicable administrative review procedures under the [ERISA p]lans [did] not warrant dismissal, as it is [the d]efendants' burden to show lack of exhaustion").

The Complaint alleges that Plaintiff "submitted at least the required number of appeals for each of the Claims at issue, providing medical documentation to Cigna supporting the need for the

treatment at issue." (Compl. ¶ 54.) Plaintiff exhausted administrative remedies either by completing the internal Cigna appeals process or by virtue of Cigna's numerous procedural and substantive ERISA violations. (*Id.* ¶ 56.) Here, Cigna fails to meet its burden of demonstrating that ERISA's exhaustion requirement warrants dismissal of Plaintiff's claims. It cannot be conclusively established from the Complaint whether Plaintiff exhausted its administrative remedies or whether it would have been futile to have done so. The Court, accordingly, denies Defendants' Motion to Dismiss for failure to plead exhaustion of administrative remedies under ERISA.[3]

### 2. Standing (Counts I through IV)

Defendants argue that Plaintiff's ERISA claims should be dismissed because Plaintiff fails to plead valid assignments of benefits by the Cigna Insureds. (Defs.' Moving Br. 7.) Defendants argue that, even if Plaintiff does plead valid assignments of benefits, the sample Assignment of Benefit ("AOB") form's "language [that Plaintiff provided] is insufficient to assign legal authority to [Plaintiff] to bring any ERISA claims other than for payment of services." (*Id.* at 8.) Defendants also argue that "many Cigna plans contain anti-assignment provisions, which [Plaintiff] does not and cannot specifically address because it failed to actually identify *any* Cigna plan at issue here." (*Id.*)

Standing to assert ERISA claims is extended to a healthcare provider when the provider obtains a valid assignment of benefits from a plan participant. *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 450 (3d Cir. 2018). An assignment of rights and benefits under an ERISA plan includes the right to sue under § 502(a) for payment, *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015), and the right to sue under

---

[3] Cigna may argue exhaustion via a summary judgment motion.

§ 502(c)(1)(B) for plan documents, *Ctr. for Orthopedics & Sports Med. v. Horizon*, No. 13-1963, 2015 WL 5770385, at *5 (D.N.J. Sept. 30, 2015).

A healthcare provider pleads derivative standing by alleging that an assignment of benefit exists, and that the provider relies upon the assignment to support its right to recovery. *See, e.g.*, *Premier Health Ctr., P.C. v. UnitedHealth Grp.*, No. 11-425, 2012 WL 1135608, at *7 (D.N.J. Apr. 4, 2012) (finding language from a plaintiff's standard AOB form—"THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THIS POLICY."—establishes derivative standing by assignment, despite "not indicat[ing] from which assignment form [the] language was taken, or which of [the plaintiff's] patients actually signed the form").

"It is a basic principle of assignment law that an assignee's rights derive from the assignor. That is, an assignee of a contract . . . can acquire through the assignment no more and no fewer rights than the assignor had[] and cannot recover under the assignment any more than the assignor could recover." *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 178 (3d Cir. 2014). "In determining what claims a healthcare provider may bring under ERISA, courts look to the language of the assignment." *Horizon*, 2015 WL 5770385, at *4 (finding language in "broad" assignment—"THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THIS POLICY."—provided the healthcare provider "the right to request documents and bring a claim under § 502(c)(1)(B)").

The Complaint alleges the following on the assignment of rights and benefits by the Cigna Insureds:

> 23. As a matter of course, *each* Cigna Insured treated by Plaintiff signs an assignment of benefits form ("AOB") . . . [, which] includes an assignment . . . [of a Cigna Insured's] rights and benefits under the Cigna Plan. . . .

7

> 24. A sample of [the] AOB form signed by Plaintiff's patients (including Cigna Insureds) states, in relevant part:
>> 1. I authorize the Metropolitan Surgical Institute to release to appropriate third parties such information as may be necessary . . . for the purpose of processing my Facility and/or Anesthesia claim(s) ("bills");
>> 2. I authorize all health insurance payments for services rendered to be sent directly to the Metropolitan Surgical Institute and/or the Anesthesiologist;
>> 3. I understand that I am financially responsible to the Facility/Anesthesiologist for all charges not covered by insurance; *This is a direct assignment of my insurance policy.*
>
> 25. Plaintiff obtained valid assignments of rights and benefits conferred to the Cigna Insureds under the Cigna Plans for each of the Claims at issue in this action.

(Compl. ¶¶ 23–25 (emphasis added).)

Considering the above allegations as true, the Court finds that, at this stage of the litigation, Plaintiff sufficiently establishes derivative standing by assignment. It is enough to allege that each Cigna Insured signed an AOB form, which included an assignment of their rights and benefits under the Cigna Plan. *See Premier Health Ctr.*, 2012 WL 1135608, at *7. Furthermore, the language in the sample AOB form—"This is a direct assignment of my insurance policy."—is akin to other assignment language upon which courts have found valid assignments of rights and benefits under an insurance policy. *See Horizon*, 2015 WL 5770385, at *4; *see also Masri v. Horizon Healthcare Servs., Inc.*, No. 16-6961, 2017 WL 4122434, at *5 (D.N.J. Sept. 18, 2017).

Defendants argue that the language immediately preceding the "direct assignment" clause—"I understand that I am financially responsible to the Facility/Anesthesiologist for all charges not covered by insurance."—limits the direct assignment to charges and limits Plaintiff's "right to bring non-benefits ERISA claims" against Defendants. (Defs.' Reply Br. at 3–4, ECF No. 26.) But "a patient's continued responsibility to pay [their] provider amounts not covered by the insurance carrier is not a basis to vitiate [an] assignment." *Am. Chiropractic Ass'n*,

8

625 F. App'x at 175. Here, the sentence preceding the assignment mentions "charges" but only as they relate to amounts not covered by insurance. This sentence preceding the direct assignment language does not, therefore, limit the assignment of benefits under the Cigna Plans to Plaintiff.

Defendants also argue that Plaintiff's ERISA claims should be dismissed because "many Cigna plans contain anti-assignment provisions." (Defs.' Moving Br. 8.) Although anti-assignment clauses in health insurance plans governed by ERISA are generally enforceable and may preclude assignment of benefits, *Univ. Spine Ctr. v. Aetna, Inc.*, 774 F. App'x 60, 63 (3d Cir. 2019) (citation omitted), Defendants do not direct the Court to the relevant anti-assignment provisions. Defendants argue that "it is not incumbent upon the . . . Defendants to request information from [Plaintiff] to satisfy [Plaintiff's] own pleading obligations" (Defs.' Reply Br. 4, ECF No. 26), but provide no authority requiring Plaintiff to provide the Cigna Plans' anti-assignment provisions to plead derivative standing. Until the anti-assignment provisions of the Cigna Plans are available to the Court, the Court is unable to is unable to determine their enforceability and applicability.

For these reasons, the Court finds Plaintiff has adequately pleaded derivative standing by assignment. From the broad language of the assignment, Plaintiff has standing to assert the rights and benefits of the Cigna Insureds under the Cigna Plans, including the right to payment and plan documents under §§ 502(a) and 502(c)(1)(B).

### 3.     **Failure to Provide Plan Documents Claim (Count III)**

Cigna argues that Plaintiff's claim for failure to provide plan documents is conclusory: "[t]he Complaint provides no information about the date of such requests, the channel through which the request was made, or the specific ERISA plan for which documents were allegedly requested." (Defs.' Moving Br. 15–16.)

Section 502(c)(1)(B) of ERISA provides a statutory penalty of up to $100 a day on "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested within [thirty] days after such request. . . ." 29 U.S.C. § 1132(c)(1)(B). Upon receiving a written request from any participant or beneficiary, an administrator "shall . . . furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4).

> [T]o state a claim under § 502(c)(1) of ERISA, a plaintiff must allege that 1) it made a [written] request to a plan administrator, 2) who was required to provide the requested material, but 3) failed to do so within 30 days of the request. As a penal statute, the terms of § 502(c)(1) must be construed strictly, and thus, a plaintiff seeking relief under § 502(c)(1) must demonstrate compliance with each of these statutory requirements.

*Plastic Surgery Ctr., P.A. v. Cigna Health and Life Ins. Co.*, No. 17-2055, 2018 WL 2441768, at *9 (D.N.J. May 31, 2018) (alteration in original) (citation and internal quotation marks omitted).

Plaintiff alleges that, "in its role as . . . [an] assignee of the Cigna Insureds[, it] requested that Cigna provide (1) applicable insurance policy language which justifies claim reductions on Cigna['s] part; (2) Plan claims procedures; and (3) documentation of the methods upon which Cigna's payment allowances were made." (Compl. ¶ 52.) But nowhere in the Complaint does Plaintiff allege it made a *written* request for Plan documents to Cigna. (*See generally id.*) "Plaintiff's failure to allege that it submitted a written request for documents to [Cigna], the Plan Administrator, is fatal to Plaintiff's § 502(c)(1) claim." *Plastic Surgery Ctr., P.A.*, 2018 WL

10

2441768, at *9 (collecting cases). The Court, accordingly, dismisses Count Three for failure to state a claim.[4]

### 4. Denial of Benefits Claim (Count I)

Defendants argue that Plaintiff fails to state a claim for benefits because it does not identify the ERISA plans at issue and the services Plaintiff provided that were covered and reimbursable under the terms of the plans. (Defs.' Moving Br. 10.)

Section 502(a)(1)(B) creates a civil action for a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). To assert a claim under § 502(a)(1) (B), a plaintiff must demonstrate that they have "a right to benefits that is legally enforceable against the plan" and that the plan administrator improperly denied them those benefits. *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006). A plaintiff need not identify the plan or specific plan provision to state a § 502(a)(1)(B) claim. *See, e.g.*, *Prof'l Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*, No. 14-6950, 2015 WL 4387981, at *13 (D.N.J. July 15, 2015); *Gregory Surgical Servs., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 06-0462, 2007 WL 4570323, at *4 (D.N.J. Dec. 26, 2007); *Ctr. for Orthopedics &*

---

[4] Cigna also argues that a plan administrator is not required to disclose documents absent written authorization from the participant or beneficiary. (Defs.' Moving Br. 16.) Most of the cases to which Cigna cites do not, however, involve a plan administrator's duty to disclose plan documents to the assignee of a participant or beneficiary's rights. *E.g., Moon v. Rush*, 69 F. Supp. 3d 1035, 1045 (E.D. Cal. 2014); *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1072 (6th Cir. 1994). Although the court in *Barix Clinics of Ohio, Inc. v. Longaberger Family of Cos. Group Med. Plan*, 459 F. Supp. 2d 617, 625 (S.D. Ohio 2005) observed that "a plan administrator is under no obligation to disclose plan documents to third parties without written authorization from a participant or beneficiary," the court also found that the plaintiff could state a claim under § 1132(c)(1)(B) if had informed defendants that it had received assignments from plan participants or beneficiaries. *Id.*

11

*Sports Med. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 16-08876, 2018 WL 1440325, at *5 (D.N.J. Mar. 22, 2018).

Here, the Court finds that Plaintiff sufficiently pleads a denial of claims under § 502(a)(1)(B). The Cigna Plans provided Cigna Insureds with out-of-network benefits—services provided by healthcare providers that have not entered into participant provider agreements with Cigna, such as Plaintiff. (Compl. ¶ 19.) Under the Cigna Plans, Plaintiff is entitled to reimbursement at usual, customary, and reasonable rates. (*Id.*) Cigna inappropriately denied certain claims submitted by Plaintiff, including those that were medically appropriate and necessary, were covered by applicable Plan terms, and should have been paid. (*Id.* ¶ 42.) These claim determinations were made in an arbitrary fashion and resulted in denied or reduced reimbursements. (*Id.* ¶ 48.) Plaintiff also received from the Cigna Insureds valid assignments of benefits under the Cigna Plans. (*Id.* ¶¶ 23–25.) Accepting these allegations as true, the Court finds Plaintiff states a plausible claim under § 502(a)(1)(B). The Court denies Defendants' Motion to Dismiss Count I.

### 5. Breach of Fiduciary Duty Claim (Count II)

#### a. Sufficiency of Allegations

Cigna argues that Plaintiff's breach of fiduciary duty claim contains nothing more than bald conclusions: "[T]he Complaint does not allege *any facts* about any conduct in which . . . Cigna . . . purportedly engaged when determining benefits . . . that amounts to acting in . . . Cigna['s] . . . own interests or which was inconsistent with the care that a prudent beneficiary would use." (Defs.' Moving Br. 14.)

To state a claim for breach of fiduciary duty, Plaintiff must allege that "(1) a plan fiduciary (2) breaches an ERISA-imposed duty (3) causing a loss to the plan." *Sweda v. Univ. of Pa.*,

923 F.3d 320, 328 (3d Cir. 2019) (citation omitted), *cert. denied*, 140 S. Ct. 2565 (2020). A fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries; and . . . defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A). A fiduciary must exercise "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Id.* § 1104(a)(1)(B). Fiduciaries have discretion in plan management and that discretion is bound by the prudent man standard. *Sweda*, 923 F.3d at 333.

Here, Plaintiff plausibly alleges breach of fiduciary duty by enumerating several factual allegations that Defendants failed to perform their fiduciary duties with the level of care, skill, prudence, and diligence to which Cigna Insureds are statutorily entitled under § 1104(a)(1). Plaintiff alleges that, "in or about 2015, Cigna began inappropriately denying certain Claims submitted by Plaintiff seeking payment for services provided to Cigna Insureds. . . [, which] were medically appropriate and necessary [and] covered by the applicable Plan terms." (Compl. ¶ 42.) In 2016, Cigna's denials increased in frequency and scope. (*Id.* ¶ 43.) Cigna "indiscriminately denied payment for most Claims and services based on an unsupported and erroneous assertion that Plaintiff had engaged in the practice of waiving patient cost share obligations." (*Id.* ¶ 45.) As a result, Cigna improperly denied, reduced payment of, or delayed the processing of Claims, which ultimately denied the Cigna Insureds the out-of-network benefits to which they are entitled under the Plans. (*Id.* ¶ 59.) These allegations support a reasonable inference that Defendants failed to discharge its duties according to the prudent man standard of care, and Plaintiff states a claim for breach of fiduciary duty.

b.     Relief Available Under § 502(a)(3)

Cigna argues that Plaintiff's breach of fiduciary duty claim fails because Plaintiff seeks relief that is not equitable in nature. (Defs.' Moving Br. 12–13.)

"Section 502(a)(3)[5] authorizes the award of appropriate equitable relief directly to a participant or beneficiary to redress any act or practice which violates any provision of this title[,] including a breach of the statutorily created fiduciary duty of an administrator." *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1298 (3d Cir. 1993) (internal quotation marks and citation omitted). "[A]ppropriate equitable relief" refers to "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255–56 (1993) (citing 29 U.S.C. § 1132(a)(3)); *see also Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 300 (3d Cir. 2007).

Here, the restitution, injunctive relief, declaratory relief, and disgorgement that Plaintiff seeks are available remedies under § 502(a)(3)(B). (*See* Compl. ¶¶ 98–99.) Although Plaintiff requests monetary compensation plus interest (Compl. ¶ 99), "[t]his relief, regardless of the language in the complaint, easily may be characterized as restitution and the [defendant] does not contend otherwise." *Ream v. Frey*, 107 F.3d 147, 153 n.5 (3d Cir. 1997) ("ERISA § 502(a)(3) does not necessarily bar all forms of money damages." (internal quotation marks and citation omitted)).

---

[5] Section 502(a)(3) provides:

> [a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

14

Indeed, on reply, Defendants only argue that "[Plaintiff's] breach of fiduciary duty claim is plainly based on the same set of facts as its denial of benefits claim." (Defs.' Reply Br. 7.)[6] Plaintiff's breach of fiduciary duty claim could, therefore, be construed as seeking equitable relief, which is appropriate under § 502(a)(3). Defendant's Motion to Dismiss Count II is, accordingly, denied.

### B.  State-Law Claims (Counts V, VI, and IX)

#### 1.  Preemption (Counts V, VI, and IX)

Cigna argues that Plaintiff's state-law claims arising out of ERISA plans are preempted and should be dismissed. (Defs.' Moving Br. 17–18.)

Section 514(a) of ERISA broadly preempts state-law causes of action that "relate to" employee benefit plans. *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, No. 18-3381, 2020 WL 4033125, at *3 (3d Cir. July 17, 2020); *see also* 29 U.S.C. § 1144(a). "Although section 514(a) is robust, it is not all encompassing." *Plastic Surgery Ctr.*, 2020 WL 4033125, at *16 (citations omitted).

State laws "relate to" an ERISA plan if the law either has a "reference to" or has a "connection with" the plan at issue. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990); *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 293–94 (3d Cir. 2014). A claim makes impermissible "reference to" ERISA plans if the claim includes an "act[ ] immediately and exclusively upon ERISA plans" or is "premised on" ERISA plans. *Plastic Surgery Ctr.*, 2020 WL 4033125, at *6 (quoting *Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 943 (2016)). "The mere fact that a claim arises against the factual backdrop of an ERISA plan does not mean it makes

---

[6] To the extent Defendants argue that Plaintiff's breach of fiduciary claim and Plaintiff's denial of benefits claim are mutually exclusive, the Court finds this argument belated. *See Oberwager v. McKechnie Ltd.*, 351 F. App'x 708, 711 n.5 (3d Cir. 2009) ("It is, of course, inappropriate to raise an argument for the first time in a Reply brief.").

15

'reference to' that plan." *Id.* at *11. "State laws have a 'connection with' ERISA plans if they 'govern, or interfere with the uniformity of, plan administration,' or if the 'acute, albeit indirect, economic effects of the state law force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers.'" *Id.* (quoting *Gobeille*, 136 S. Ct. at 943). The relationship between an out-of-network provider and a plan administrator "does not in itself create an impermissible 'connection with'" ERISA plans. *Id.* at *12.

In *Plastic Surgery Center*, the Third Circuit held that § 514 did not preempt an out-of-network provider's breach-of-contract claim against a plan administrator. *See id.* at *1. The court found that, as pleaded, the plaintiff's breach-of-contract claim did not seek benefits due under the plans or require more than a cursory examination of the plans, and, therefore, did not make impermissible reference to the ERISA plans. *Id.* at *11. Similarly, the claim did not interfere with the administration of the plan, such that the claim created had an impermissible "connection with" the ERISA plans. *Id.* at *12–13. Ultimately, in denying the plan administrator's motion to dismiss on preemption grounds, the court found that ERISA's "principal object . . . to protect plan participants and beneficiaries" "is not advanced by extending express preemption to out-of-network providers and limiting their universe of remedies to those outlined in [§] 502(a)." *Id.* at *13–14.

Here, Defendants fail to show that Plaintiff's state-law claims based on ERISA plans are preempted. Defendants do not establish that the claims contain an impermissible "reference to" or "connection with" ERISA plans. "The mere fact that a claim arises against the factual backdrop of an ERISA plan does not mean it makes 'reference to' that plan." Plastic Surgery Ctr., 2020 WL 4033125, at *11. The Court, accordingly, denies Cigna's Motion to Dismiss Claims V, VI, and IX as preempted at this stage of the litigation.

### 2. Identification of Non-ERISA Plans (Counts V, VI, and IX)

Defendants argue that Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing are fatally flawed because Plaintiff fails to identify the non-ERISA plans at issue. (Defs.' Moving Br. 18–19.) On the other hand, Defendants argue that Plaintiff's quantum meruit claim should be dismissed because "this dispute is governed by a written contract." (*Id.* at 19–20.)

The Complaint states these claims in the alternative. The Complaint alleges breach of contract and breach of the implied covenant of good faith and fair dealing "[t]o the extent that the Claims relating to benefits owed by Cigna are not associated with an ERISA-governed Cigna Plan and[] are not preempted by ERISA." (Compl. ¶¶ 113, 122.) Similarly, under its quantum meruit claim, Plaintiff seeks to recover for services and things of value that are not governed by an ERISA plan. (*See id.* ¶¶ 140–42.) "By their explicit terms, they are pled in the alternative; they apply only to the plan[s that are] not . . . ERISA plan[s], or claims [that] are not preempted by ERISA." *Masri*, 2017 WL 4122434, at *7 (denying a motion to dismiss claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and quantum meruit, where the claims, as pleaded, were made in the alternative). The Court, accordingly, denies Defendants' Motion to Dismiss Counts V, VI, and IX.

## IV. CONCLUSION

For these reasons, Defendants' Motion to Dismiss is granted in part and denied in part. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

17