

Paul J. DeMartino, Jr.
Direct Dial: 973-364-5228
Direct Fax: 973-618-5585
E-mail: pdemartino@bracheichler.com

June 7, 2023

**VIA ECF**
Hon. Robert Kirsch, U.S.D.J
U.S. District Court
Clarkson S. Fisher Fedl. Bldg.
U.S. Courthouse, Room 4E
402 East State Street
Trenton, New Jersey  08608

      Re:    Metropolitan Surgical Institute LLC v. Cigna et al.
               Case No. 3:19-cv-15827-MAS-LHG

Dear Judge Kirsch,

      The parties jointly write to provide the Court with the status as to a global settlement of the matter as previously scheduled under the May 26, 2023 Text Order entered by the Court. In short, the parties have reached a settlement agreement in principle that will fully resolve each of the respective parties claims at issue, both in Plaintiff's Complaint and Defendants' Counterclaim. Given the agreement, the parties do not believe Court intervention is necessary at this stage and plan to have a fully executed settlement agreement shortly.

      Nonetheless, as required by the May 24th Text Order, the general facts of the case are as follows. Plaintiff, Metropolitan Surgical Institute LLC ("Metropolitan") is a licensed ambulatory surgery center located in South Amboy, New Jersey. Metropolitan is an out-of-network medical provider with Cigna. Metropolitan asserts claims against Defendants Connecticut General Life Insurance Company and Cigna Health & Life Insurance Company ("Cigna") for their lack of payment and/or reimbursement for medically necessary treatments they provided to Cigna insureds. Plaintiff contends that they submitted claims and charges to Cigna that are reasonable and are therefore entitled to recover their proper compensation as Cigna's denials and/or underpaid claims indiscriminately and arbitrarily. Further, Plaintiff maintains that they were in compliance with all relevant laws and regulations governing healthcare practice in New Jersey and were otherwise entitled to reimbursement for the services provided.

      Cigna affirmatively denies the allegations in Plaintiff's Complaint and contends that Plaintiff charged higher fees than in-network providers and engaged in fee forgiveness, meaning

that they failed to attempt to collect the cost-sharing obligations form the patient. As a result, Cigna contends that most of the claims submitted by Plaintiff to Cigna were ineligible for coverage and any funds Cigna paid to them were paid in error and are subject to recoupment. As set forth above, Plaintiff denies that they engaged in fee forgiveness or any fraudulent or unlawful conduct and that Cigna is entitled to recoupment.

To date, discovery in this matter has concluded and the only remaining issue is a briefing schedule for summary judgment.

Based on the foregoing, the parties are confident that a settlement agreement should be finalized and executed shortly. We thank Your Honor for your attention to this matter.

                **BRACH EICHLER LLC**
                *Attorneys for Plaintiffs*

                Paul DeMartino, Esq.

cc:    Brian Shaffer, Esq. (via ECF and E-mail)
        Natalie Georges, Esq. (via ECF and E-mail)
        Keith J. Roberts, Esq. (via ECF and E-mail)